# United States Bankruptcy Court
# District Of Maryland
<u>At Baltimore</u>

| | | |
|---|---|---|
| In re: | * | Case No: 14-26170 |
| | * | |
| Dedre V. Feyijinmi | * | Chapter 13 |
| | * | |
| Debtor | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MOTION TO REOPEN CHAPTER 13 CASE TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT OWED TO THE STATE OF MARYLAND AND FOR AN ORDER TO ENJOIN THE STATE OF MARYLAND'S CENTRAL COLLECTION UNIT FROM ANY FURTHER COLLECTION ACTIVITIES UNTIL THIS COURT SO FURTHER ORDERS</u>

Now comes the Debtor, Dedre v. Feyijinmi, through her counsel, Marie Lott Pharaoh, who moves this Honorable, pursuant to Federal Bankruptcy Rules 5010 and 4007, and 11 U.S.C. §350(b) to reopen her case to file a complaint to determine the dischargeability of a debt owed to the State of Maryland, which the Debtor believes has been discharged in her Chapter 13 case. The Debtor also moves this Honorable Court to enjoin the State of Maryland's Central Collection Unit from continuing all collections activities until this Court has issued an order allowing it to do so. For good cause shown, the Debtor sets forth the following to support her cause:

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S. C. § §1334(b) and 157(a).
2. Debtor sought relief under Chapter 13 and filed her petition on October 21, 2014.
3. On her Schedule D, she listed the debt owed to Maryland's Central Collection Unit ("CCU").
4. CCU filed its original proof of claim on April 13, 2015 claiming that she owed $16,008.80.
5. Debtor's counsel spoke to Ari Kodeck, Esq., Assistant General Counsel with the State of Maryland's Office of Attorney General ("OAG"), who prepared the proof

of claim, explaining to him that the alleged amount on the proof of claim was not correct and sent him proof of payments made by the Debtor.

6. The proof of claim was amended on May 5, 2015 to reflect that Debtor only owed $7275.33.

7. The amended proof of claim listed the debt as unsecured "Court Order Fees" and attached the Judgment of Restitution and the worksheet showing the payments and interest on the debt. *POC#12.*

8. The Debtor's Chapter 13 plan was confirmed on June 16, 2015.

9. CCU did not file an Objection to the Plan; nor did it file a complaint seeking determination of the dischargeability of the debt.

10. The Debtor received a discharge on February 26, 2020 and her case closed on June 6, 2020.

11. CCU contacted the Debtor to inform her in January 2021that she still owed the debt plus interest and that if she did not make payment her wages would be garnished.

12. The Debtor tried to explain that the debt had been discharged in her Chapter 13 case.

13. The Debtor did not contact her attorney until after she was notified that CCU had served her employer with the Writ of Garnishment.

14. Counsel attempted to contact the OAG, but did not receive a response.

15. Counsel sent an email to CCU, asserting that the debt had been discharged in the Chapter 13, and asked that the email be forwarded to the Maryland OAG. *Exhibit A.*

16. At issue is the interpretation of 11 U.S. C. §1328(a)(3), which provides, in pertinent part: "the court shall grant the Debtor a discharge of all debts provided for by the plan. . . except for any debt . . . (3) for restitution, or a criminal fine, included in a sentence on the Debtor's conviction of a crime."

17. The debt in question was provided for in the plan as a general unsecured debt to be paid pro rata after payment in full of priority and secured debts.

18. Debtor maintains that the law is clear that the debt is dishchargeable because the restitution she was ordered to pay was *not* included in a sentence resulting from a

conviction. Nor was the payment of the restitution a condition of the probation before judgment, which the Debtor was granted in the underlying criminal case.

19. Debtor was granted an expungement of all records associated with the criminal case on November 10, 2010. Since the debt was still outstanding at the time she filed her Chapter 13 in 2014, the completion of the probation before judgment, obviously, was not conditioned on the repayment of the restitution.

20. Under Maryland Criminal Procedure Art. Title 6, Subtitle 2, §6-220(g)(3) the completion of the terms of the probation before judgment "shall be without judgment of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction of a crime."

21. OAG responded that the debt for restitution is not dischargeable and further stated: "For support, CCU relies on *Kelly v. Robinson*, 479 U.S. 36 (1986) and its progeny, such as *In re Wilson*, 8th Cir.BAP (Ark.) 2000, 252 B.R. 739. It is CCU's position that in a Ch 13 context, Ms. Rodriquez-Feyijinmi's guilty plea which resulted in the imposition of restitution as part of the criminal sentence are included in the broad class of debts that are not discharged." *Exhibit B*.

22. Counsel responded that neither case cited are not controlling. *Id*.

23. The Supreme Court case concerns debts falling with the ambit of 11 U.S.C. §523(a)(7) in a Chapter 7 case. 11 U.S.C. §1328(a) (2) specifically excludes paragraph (7) from determining the dischargeability of a debt in a Chapter 13.

24. *In re Wison* is also not binding and the facts are distinguishable. Furthermore, the analysis in which the 8th Circuit undermined Texas law that its "deferred adjudication" is not a conviction to hold that it is a conviction for purposes of the Bankruptcy Code is contorted and unconvincing.

25. The Debtor in *In re Wilson* did not schedule the debt and so the creditor was never notified of the debt. Furthermore, the Debtor there pled guilty to the criminal charge and as a condition of her probation had to repay the restitution.

26. An analysis of Maryland's law regarding whether a probation before judgment is a conviction for purposes of the Bankruptcy Code, if ever warranted, should be determined by this Court. Yet, the statute cited to, *supra*, paragraph 20, is unambiguous: nothing shall inure to the detriment of a defendant for completing

the terms of the probation before judgment in the same manner as having been convicted of a crime.

27. Furthermore, the OAG did not provide any evidence that the Debtor pled guilty in the underlying criminal case. Nor is it reasonable for the OAG to infer that the Debtor pled guilty because the statute under which the probation before judgment was granted does not rest upon a defendant's guilty pleas. Nor is there anything in the records in the Chapter 13 that she pled guilty.

28. In addition, the proof of claim, to include its exhibits, does not contain any evidence as to the basis of the Judgment of Restitution. Furthermore the debt was deemed unsecured, never claimed as a priority debt, and was set forth as "Court Ordered Fees" rather than a fine for restitution.

29. Regardless of CCU's policy, the debt under §1328(b) is dischargeable.

30. Since CCU via the OAG is holding firm to its policy, but does not set forth any law from this District or Circuit, the Debtor should be allowed to reopen her case to file a complaint to determine the dischargeability of the debt, so that this important matter can be brought before this Honorable Court for resolution.

WHEREFORE, Debtor moves this Honorable Court for the following relief:

A. That her Chapter 13 case be reopened to file a Complaint to Determine Dischargeability of the Debt Owed to the State of Maryland;

B. That this Maryland's Central Collection Unit be enjoined from continuing any collection activities until the Court so further orders;

C. And grant such other and further relief as is just and appropriate.

Debtor will not file a memoranda of points and authorizes with this motion and relies solely upon this motion for the Court's consideration.

Date:  February 23, 2021                                        Respectfully submitted,

/s/Marie Lott Pharaoh  
Marie Lott Pharaoh  
Bar No.: 11080  
875 NW 97th St.  
Miami, FL 33150  
Tel.: (240) 606-3494  
Email: mariepharaoh@gmail.com