Circuit Court for Baltimore County
Courthouse, County Courts Building
401 Bosley Avenue
Towson, MD 21285-6754

State of Maryland vs Dedre Rodriquez-Feyijinmi

Defendant's Date of Birth: 09/13/1967

Criminal Case Number: 03-K-06-004436
Arrest Tracking Number: 06-1001-07720-0
District Court Number: 5C00243213

ORDER FOR EXPUNGEMENT OF RECORDS

The applicant/petitioner  Dedre Rodriquez-Feyijinmi
of  3620 Bowers Lane
Baltimore, MD 21207-

having been found to be entitled to expungement of the police records pertaining to the arrest, detention or confinement of the applicant/petitioner/defendant on or about **04/13/06** at 6412 Windsor Mill Road, Maryland by a law enforcement officer of the **Baltimore County Police** (Law Enforcement Agency) and the court records in this action it is by the Circuit Court for **Baltimore County**, Maryland, this /o day of **Nov 2010** (Month/Year).

ORDERED that the clerk forthwith shall serve a true copy of this Order on each of the parties to this proceeding; and it is further

ORDERED that 30 days after entry of this Order or upon expiration of any stay, the clerk shall serve on each custodian of police and court records designated in this Order and on the Central Repository a copy of this Order together with a blank form of Certificate of Compliance; and it is further

ORDERED that within 30 days after service of this Order the clerk and the following custodians of court and police records and the Central Respository shall (1) - expunge all court and police records pertaining to this action or proceeding in their custody, (2) - file an executed Certificate of Compliance, and (3) - serve a copy of the Certificate of Compliance on the applicant/petitioner.

-1-

Exhibit 1

| | |
|---|---|
| Maryland Department of Public Safety (Custodians) | P.O. Box 5743<br>Pikesville, Maryland 21208-3899<br>(Addresses) |
| Baltimore County Police | Police Records Custodian/Records ID<br>700 E. Joppa Road, 5th Flo<br>Baltimore, Maryland 21286-5501 |
| Baltimore County Detention Center | 404 Kenilworth Drive<br>Towson, Maryland 21204 |
| District Court of Maryland | 120 E. Chesapeake Avenue<br>Towson, Maryland 21204 |
| Department of Parole and Probation | 17 W. Pennsylvania Ave<br>Towson, Maryland 21204 |
| State's Attorney-Baltimore County | County Courts Building<br>401 Bosley Ave<br>Towson, Maryland 21204 |
| TASC | 400 Kenilworth Drive<br>Towson, Maryland 21204 |
| Court Reporter 12/08/06 (JGT) | County Courts Building<br>401 Bosley Ave<br>Towson, Maryland 21204 |

_____
Judge

**True Copy Test**
RICHARD D. ARNOLD JR., Clerk
Per _____
Assistant Clerk

Exhibit 1

State of Maryland  
Central Collection Unit  
Fifth Floor Certifications  
300 West Preston Street  
Baltimore, MD 21201

2935086



SSN: XXX-XX-5451  
Debtor ID: 8828240  
Amount To Be Certified: $9652.77  
Referring Agency is: 3  
Basis of Debt Is: Outstanding Obligation  
Debtor PIN# 3938

410-767-1220 (local)  
410-767-4001 (local)  
1-888-248-0345 (long distance)

77  29074  
Dedre V Feyijinmi  
4504 Ingham Road  
Owings Mills, MD 21117-4814

October 21, 2020

Pursuant to the provision of MD.CODE ANN., TAX-GEN. Sections 13-912 to13-919, and the Code of Maryland Regulations 17.01.02, the Central Collection Unit is authorized to certify to the Revenue Administration Division, Comptroller of the Treasury, the names of those who are indebted to the State of Maryland or to any of its agencies. Our records indicated that you have an outstanding debt shown above. The above amount may be increased by interest and collection costs.

As a result of this debt, your name will be certified to the Revenue Administration Division. The effect of this action will cause any State income tax refund otherwise due you to be intercepted and applied toward your indebtedness. This administrative procedure does not affect any existing monthly payment arrangements in lieu of court action.

If you believe that under the law your name should not be certified, you have the right to request that the Central Collection Unit investigate the circumstances and confirm or modify the existence or amount of the debt. Please be specific, giving pertinent dates, amounts, case numbers, and contact persons. Please provide copies of cancelled checks, invoices or correspondence. **Matters already determined by a court are not subject to redetermination**. An investigation must be requested in writing to the Central Collection Unit at the above address within fifteen (15) days of the above date. Following the completion of an investigation, you may request an appeal hearing to further contest this debt. You have the right to appeal an adverse hearing decision to court. You cannot request a hearing until after the investigation has been completed.

**PAYMENT OF THIS INDEBTEDNESS NOW WILL PREVENT FURTHER JUDICIAL AND ADMINISTRATIVE ACTIONS BY THE STATE TO COLLECT WHAT IS OWED.** To discuss payment or to make any inquiry regarding the Tax Refund Intercept Program, you may call the telephone number shown above or write to the above address. Contact will not serve as notice for CCU to investigate your account. **Please note our phone hours are Monday thru Friday 8 a.m. to 5:00 p.m.**

If married, you should advise your spouse that your State income tax refund is subject to interception.

**IMPORTANT NOTES:**

1. Your investigation and appeal rights on this matter must be exercised now. Waiting until your refund is intercepted <u>is too late</u> to appeal this matter.

2. The amount to be certified shown above may not reflect payments/adjustments received by the Central Collection Unit after October 5, 2020 or interest that may have accrued.

3. Referring agency is : **1-E-ZPASS Maryland, 2-Motor Vehicle Administration, 3-Division of Parole and Probation, 4-State Highway Administration, 5- Other**

You may visit our Debtor Portal to access your accounts owed to the Central Collection Unit at  
**https://ccuportal.md.gov/debtor**  
Enter: Identifier, PIN and SSN to access your information.

To avoid this action, please mail payments to: State of Maryland, Central Collection Unit PO Box 17277, Baltimore MD, 21297-0386. You may also remit payments via the web at  
**https://www.velocitypayment.com/vbills/mdccu/login.go** or by phone at 1-833-847-9876. Please include the above referenced Debtor ID on any payment remitted to ensure proper posting to your account.

Exhibit 2

State of Maryland
Central Collection Unit
Fifth Floor Certification
300 West Preston Street
Baltimore, MD 21201

Dedre Feyijinmi
4504 Ingham Road
Owings Mills, MD 21117
dedrefeyijinmi@hotmail.com
443-925-4129

October 27, 2020

Hello,

I would like to appeal this decision.

Can you please direct me as to who can assist with this matter? I received a letter regarding a payment that was already made through garnishment. See attached.

Thank you,


Dedre Feyijinmi

Exhibit 3

2691255



Exhibit 3



**Marie Pharaoh <mariepharaoh@gmail.com>**

## Fw: CCU 2935086

**Dedre Feyijinmi** <dedrefeyijinmi@hotmail.com>  Thu, Mar 25, 2021 at 11:00 AM
To: Marie Lott-Pharoth <mariepharaoh@gmail.com>

Exhibit 4

March 25, 2021

On October 24, 2020 I received a letter from CCU. I was confused and went into a panic attack because it stated my wages would be garnished when I knew that I filed bankruptcy and I paid for five years and it was officially discharged. CCU was included in the bankruptcy.

I immediately wrote a letter asking for an appeal due to the bankruptcy agreement and provided documentation. I mailed the letter on October 27, 2020. Every day since then all I could do is worry. A week later I mailed a copy of the same letter to make sure they received it. I waited and waited and heard nothing from CCU. Every day I checked the mail; every paycheck I worried that I would not be able to pay my rent. It consumed me to the point it was difficult to concentrate at work. My daily routine was gone. I was not reading my emails, so I missed tasks' that my boss assigned. I was missing meetings because I was mentally preoccupied with being garnished and time would escape me. It got so bad that my boss emailed me "we need to talk" on December 17, 2020 because I didn't see "another" important email. When we spoke the next day, it was the first time in 9 years that I received a warning. I was on the zoom meeting crying. My boss added that she noticed I have been preoccupied with something in my personal life and it would be best that I take time off rather than continue to have "poor" work. I agreed with everything she said. She was right. I told her since we would be off Christmas Eve until New Year's that I would get myself back on track in the new year. I was so depressed I took extra pills and slept the whole week; I hardly ate.

I put on a brave face and tried to be focused on work; it was difficult, but I could not afford to loose my job. I still checked the mail daily and worried every day and every check. On February 10, 2021 I began receiving Unknown phone calls. It was CCU, she left a message telling me to answer the phone for Unknown caller. On February 11, 2021 Lynetta Johnson called me and told that the bankruptcy meant nothing, the money they received was credited to my account. Mrs. Johnson said I owed the principal amount and five years of interest; and interest will continue to be added daily. She said as of that day I owe CCU $10,474.85 and I should remember the daily interest added. My heart started racing; I could not breathe. I had so many questions; how is this possible. I told Mrs. Johnson to please let me call my lawyer and she said ok. I was a walking train wreck since that call. I reached out to Mrs. Lott-Pharoah and waited for her to call. Mrs. Johnson called on February 16, 2021 to follow up and tell me that my garnishment would go through.

Dedre Feyijinmi

---

**From:** Dedre Feyijinmi <dedrefeyijinmi@hotmail.com>
**Sent:** Wednesday, March 24, 2021 9:07 AM
**To:** Marie Lott-Pharoth <mariepharaoh@gmail.com>
**Subject:** Fw: CCU 2935086

Exhibit 4



Marie Pharaoh <mariepharaoh@gmail.com>

## Dedre Rodriquez-Feyijinmi -- CCU case #2935086, Bankruptcy case #14-26170

**Marie Pharaoh** <mariepharaoh@gmail.com>   Wed, Feb 17, 2021 at 10:03 PM
To: bankruptcy@dbm.state.md.us

Dear Sir/Madam,

I represented Ms. Feyijinmi in her Chapter 13 bankruptcy case filed on October 21, 2014 in the United States Bankruptcy Court for the District of Maryland.  I have called your office twice and left messages in an effort to speak with an attorney about this matter.

Ms. Feyijinmi disclosed and scheduled the debt owed to the State of Maryland in her Chapter 13 filings.  Maryland Central Collection Unit ("CCU")  through the Maryland State's Attorney General Office filed a proof of claim in the case. The amount owed as shown in the attached amended proof of claim, claim #12 and filed on May 5, 2015, was for $7275.33.  As shown on the proof of claim, it stated that the debt originated from unpaid "Court Ordered Fees". Ms. Feyijinmi successfully completed her Chapter 13 plan and received a discharge on February 26, 2020. *See* attached Order of Discharge.

Recently, she has been contacted by CCU for payment of the debt. CCU now is seeking to unlawfully garnish her wages.  I am writing to inform your office that the debt has been discharged and cannot be collected from Ms. Feyijinmi.  Should CCU continue with its collections activities, I have no choice but to move the United States Bankruptcy Court for sanctions.

Ms. Feyijinmi was told by the CCU employee responsible for collecting the debt that the debt was not dischargeable because it is a "fine."  11 USC section 1328(a) of the United States Bankruptcy Code grants a debtor a discharge of all debts, with few exceptions, upon completion of her Chapter 13 plan payments.   In subsection (a), paragraph (3), provides one of the few exceptions for nondischargeability of a debt after a discharge is granted in a Chapter 13 case.  I think the employee is mistakenly referencing this paragraph to support CCU's claim that the debt is still collectible. This paragraph provides that a debt owed by the debtor "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime" is not dischargeable.

A closer examination of this paragraph clearly shows that this particular debt is in fact dischargeable, as it does not meet all the requirements of that paragraph. While Ms. Feyijinmi was ordered to pay restitution to the State of Maryland, as evidenced by the restitution judgment filed with the proof of claim. She was, however, never convicted nor sentenced in the underlying criminal case. She received a probation before judgment. She completed the terms of the probation and has since been granted an expungement of that case. *See* the attached Order of Expungement. Under Maryland Criminal Procedure Art. Title 6, Subtitle 2, section 6-220(g)(3)  the completion of the terms of the probation before judgment "shall be without judgment of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction of a crime."

I appreciate your time and efforts in this matter. Please feel free to call me at (240) 606-3494 or respond via this forum.

Sincerely,

Marie Lott Pharaoh
Attorney at Law

**3 attachments**

Exhibit 5

Case 14-26170    Doc 76-1    Filed 03/26/21    Page 9 of 13

**12. amended POC.pdf**
78K

**Expungement.pdf**
2152K

**Order of Discharge.pdf**
78K

Exhibit 5



**Marie Pharaoh <mariepharaoh@gmail.com>**

## Dedre Rodriquez-Feyijinmi -- CCU case #2935086, Bankruptcy case #14-26170

**Susan Scanlon -DBM-** <susan.scanlon@maryland.gov>   Thu, Feb 18, 2021 at 11:32 AM
To: mariepharaoh@gmail.com
Cc: Lisa Jenkins -DBM- <lisa.jenkins@maryland.gov>, "Alan L. Johnson -OAG-" <alan.johnson@maryland.gov>

Good morning, Ms. Pharaoh.
I have reviewed your email and the supporting documents. CCU continues to take the position that restitution debts are not discharged. For support, CCU relies on *Kelly v. Robinson*, 479 U.S. 36 (1986) and its progeny, such as *In re Wilson*, 8th Cir.BAP (Ark.) 2000, 252 B.R. 739. It is CCU's position that in a Ch 13 context, Ms. Rodriquez-Feyijinmi's guilty plea which resulted in the imposition of restitution as part of the criminal sentence are included in the broad class of debts that are not discharged.

Susan C. Scanlon
Assistant Attorney General
Senior Counsel/Supervising Attorney
Office of the Attorney General-DBM
300 West Preston Street, Room 407
Baltimore, MD 21201
410-767-1234 phone
410-333-5887 fax
Susan.Scanlon@Maryland.gov

*LEGAL DISCLAIMER - The information contained in this communication (including any attachments) may be confidential and legally privileged. This email may not serve as a contractual agreement unless explicit written agreement for this purpose has been made. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or any of its contents is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender indicating that it was received in error and delete the original message and any copy of it from your computer system.*

Exhibit 6



Marie Pharaoh <mariepharaoh@gmail.com>

## Dedre Rodriquez-Feyijinmi -- CCU case #2935086, Bankruptcy case #14-26170

**Marie Pharaoh** <mariepharaoh@gmail.com>                                      Fri, Feb 19, 2021 at 9:41 AM
To: Susan Scanlon -DBM- <susan.scanlon@maryland.gov>
Cc: Lisa Jenkins -DBM- <lisa.jenkins@maryland.gov>, "Alan L. Johnson -OAG-" <alan.johnson@maryland.gov>

Ms. Scanlon,

I appreciate your timely response.  As you are aware, Ms. Feyijinmi is being threatened with a wage garnishment, so time is of the essence. I think we need to litigate this matter. I have one request that CCU hold off on the garnishment. I will be filing a Motion to Reopen Ms. Feyijinmi's bankruptcy case. I plan to do so by Monday, February 22, 2021.

I am familiar with the Supreme Court case cited, but as you are aware 11 USC section 537(a)(7) is not at issue in a Chapter 13 discharge because it is specifically excluded in 11 USC section 1328(a)(2). So that case has no bearing on this matter.

Upon reviewing the 8th circuit case cited, it does not control this circuit, the 4th circuit. Furthermore, the facts are distinguishable.  The analysis, moreover, set forth by the court to undermine Texas' determination that its "deferred adjudication" is not a conviction, but can be considered a conviction under the Bankruptcy Code is forced and unconvincing.

It is also unclear as to  whether Texas "deferred adjudication" is akin to Maryland's probation before judgment. Perhaps, to get the "deferred adjudication" remedy, a Texan defendant has to plead guilty. On the Expungement Information Sheet, Ms. Feyijinmi was granted a PBJ under  Maryland Criminal Procedure Art. Title 6, Subtitle 2, section 6-220, and there is no requirement that a defendant plead guilty to be granted a PBJ. And we cannot assume that she pled guilty. When I was a public defender in Baltimore County, where the criminal case took place, we would proceed on what we called a Not Guilty Agreed Statement of Facts. The defendant made no plea and the State's Attorney read the facts from the complaint into the record. The judge made the decision as to the sufficiency of the evidence to determine the defendant's guilt.

An additional distinguishing factor is that the debtor *In re Wilson* failed to schedule and notify the creditor of the Chapter 13. In this case, Ms. Feyijinmi scheduled the debt and CCU filed a Proof of Claim, in which it couched the debt as "Court Ordered Fees" rather than as a fine  or restitution. In addition, Ms. Feyijinmi's probation was not conditioned on her paying the restitution, if so, she would not have been entitled to expunging all records associated with the criminal case.

So,  an evidentiary hearing is required, if CCU is going  to rest its hat on *In re Wilson*.

Before CCU continues with its collection activities, I think it would be both reasonable and practical for the Bankruptcy Court to address this matter. I do appreciate your time and efforts in this matter.

Thank you,

Marie Lott Pharaoh
Attorney at Law
(240) 606-3494

[Quoted text hidden]

Exhibit 7



Marie Pharaoh <mariepharaoh@gmail.com>

## Dedre Rodriquez-Feyijinmi -- CCU case #2935086, Bankruptcy case #14-26170

**Susan Scanlon -DBM-** <susan.scanlon@maryland.gov>  Tue, Feb 23, 2021 at 9:45 AM
To: Marie Pharaoh <mariepharaoh@gmail.com>
Cc: Lisa Jenkins -DBM- <lisa.jenkins@maryland.gov>, "Alan L. Johnson -OAG-" <alan.johnson@maryland.gov>, Michael Watts -DBM- <michael.watts2@maryland.gov>

Ms Pharaoh,
Your voicemail left at the central office was forwarded to me.  Unfortunately, I do not believe I can advise you as to how to serve the adversary as that would constitute legal advice.  I believe the FRBP clearly set out the service requirements for a governmental agency.  I would appreciate an emailed courtesy copy, if it is not too much trouble.
Thanks.
Susan

Susan C. Scanlon
Assistant Attorney General
Senior Counsel/Supervising Attorney
Office of the Attorney General-DBM
300 West Preston Street, Room 407
Baltimore, MD 21201
410-767-1234 phone
410-333-5887 fax
Susan.Scanlon@Maryland.gov

*LEGAL DISCLAIMER - The information contained in this communication (including any attachments) may be confidential and legally privileged.  This email may not serve as a contractual agreement unless explicit written agreement for this purpose has been made.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or any of its contents is strictly prohibited.  If you have received this communication in error, please re-send this communication to the sender indicating that it was received in error and delete the original message and any copy of it from your computer system.*

[Quoted text hidden]

Exhibit 8



Marie Pharaoh <mariepharaoh@gmail.com>

## Dedre Rodriquez-Feyijinmi -- CCU case #2935086, Bankruptcy case #14-26170

**Marie Pharaoh** <mariepharaoh@gmail.com>  Tue, Feb 23, 2021 at 12:18 PM
To: Susan Scanlon -DBM- <susan.scanlon@maryland.gov>

Ms. Scanlon,

Thank you for responding, but my question did not have to do with how, but to whom. The OAG released a press release early last year stating that service can be made via email until further notice. I didn't see any further notices on this matter.

As you are aware, the Md. Rule 2-214 for service of process states the following:  " **(j) State of Maryland.** Service is made upon the State of Maryland by serving the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Court of Appeals.

So, the question had to do with whether the emailing was still viable or whether there is a designated individual for the Central Collection Unit to receive service?  As you are further aware, under the Federal Bankruptcy Rule 7004(b)(6), the attorney needs to find out whom to serve in the state.

So, not asking how in the sense of how to do a certificate of service or however else you interpreted my message to infer that I was seeking legal advice. My question was simple:  whether the emailing is still valid or if there is a designated person to serve the motion.

Once I file, I will send you a copy of the motion.

Thank you,

Marie Lott Pharaoh
Attorney at Law
(240) 606-3494

[Quoted text hidden]

Exhibit 9